IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

THE STATE OF WASHINGTON,

      Respondent,

      v.

ANTHONY MICHAEL BARQUET, JR.,

      Appellant.

No. 85507-7-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — Anthony Barquet, Jr., appeals from the judgment and sentence entered on his jury conviction of one count of unlawful possession of a firearm in the first degree. He asserts that remand is required to strike the $500 victim penalty assessment (VPA), which trial courts were required to impose when Barquet was sentenced but, due to a statutory amendment that went into effect while Barquet's appeal was pending, are now prohibited from imposing on indigent defendants. *See* LAWS OF 2023, ch. 449, § 1 (amending RCW 7.68.035). The State does not dispute that Barquet is indigent and does not oppose remand to strike the VPA. We conclude that remand for this purpose is appropriate. *Cf. State v. Schultz*, 31 Wn. App. 2d 235, 255, 548 P.3d 559 (2024) (amendment to RCW 7.68.035 applied retroactively to defendant whose appeal was pending on its effective date).

In a statement of additional grounds for review (SAGR), Barquet also asserts that he was "push[ed] through a trial" with a lawyer who was not licensed in Washington, whom Barquet "didn't know" and "only met 3 times," and who had never been in a trial

or courtroom and "lied to" Barquet. But the record reflects that Barquet's trial attorneys were both licensed to practice in Washington. Furthermore, to the extent Barquet claims that trial counsel was ineffective, Barquet must show both that "(1) defense counsel's representation was deficient, *i.e.*, it fell below an objective standard of reasonableness based on consideration of all the circumstances" and "(2) defense counsel's deficient representation prejudiced the defendant, *i.e.*, there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). In light of these standards, Barquet's vague and conclusory assertions about his trial counsel's performance are insufficient to establish a basis for relief.

Barquet also claims in his SAGR that "the main person i[n] this case was told not to come to court by both sides to tell what . . . really happen[ed]" and "it was on camera they never fingerprint[ed] the gun." But Barquet does not explain what he claims really happened much less specify who the "main person" is and how their testimony would have been material. *Cf.* RAP 10.10(c) ("[T]he appellate court will not consider a defendant's [SAGR] if it does not inform the court of the nature and occurrence of alleged errors," and "the appellate court is not obligated to search the record in support of claims made in a defendant's [SAGR]."). Nor does Barquet claim much less establish that fingerprint evidence was required to support his conviction.

For the foregoing reasons, we affirm Barquet's convictions but remand to the trial court solely for the ministerial act of striking the VPA.

-2-

FOR THE COURT:

_____
Coburn, J.

_____, ACJ

_____
Mann, J.